TORKILDSON KATZ
HETHERINGTON HARRIS & KNOREK
Attorneys at Law, A Law Corporation

BRIAN W. TILKER          9684-0
ERIK A. RASK             10808-0
700 Bishop Street, 15th Floor
Honolulu, HI  96813
Telephone: (808) 523-6000
Facsimile: (808) 523-6001

Attorneys for Defendant
FCA US LLC fka CHRYSLER GROUP LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIGNONETTE OLIVAS,<br><br>         Plaintiff,<br><br>    v.<br><br>CUTTER CJD, (d/b/a CUTTER DODGE CHRYSLER JEEP PEARL CITY), FCA US LLC (d/b/a CHRYSLER CORPORATION and CHRYSLER GROUP LLC), and DOE DEFENDANTS 1-10,<br><br>         Defendants. | CIVIL NO. _____<br><br>FCA US LLC FKA CHRYSLER GROUP LLC'S NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT; DECLARATION OF BRIAN W. TILKER; EXHIBITS A - I; CERTIFICATE OF SERVICE |

**FCA US LLC FKA CHRYSLER GROUP LLC'S NOTICE OF REMOVAL
OF STATE COURT ACTION TO FEDERAL COURT**

Defendant FCA US LLC fka CHRYSLER GROUP LLC (incorrectly named

as "FCA US LLC (d/b/a CHRYSLER CORPORATION and CHRYSLER GROUP

LLC)") (hereinafter, "FCA US"), through its undersigned legal counsel, gives

Notice of Removal to the United States District Court for the District of Hawai'i of

the state court action captioned *Mignonette Olivas v. Cutter CJD, Inc. (d/b/a Cutter*

*Dodge Chrysler Jeep Pearl City; FCA US, LLC (d/b/a Chrysler Corporation and*

*Chrysler Group LLC), and DOE Defendants 1-10*, Civil No. 19-1-0105-01-

GWBC, filed in the Circuit Court for the First Circuit, State of Hawai'i.

     This Notice of Removal is made under 28 U.S.C. § 1331, 1441, and 1446,

and is based on the following:

     1.     On January 18, 2019, Plaintiff Mignonette Olivas ("Plaintiff") filed a

civil action in the Circuit Court of the First Circuit, State of Hawai'i, against, *inter*

*alia*, FCA US (the "Circuit Court Action").  A copy of the original Complaint filed

January 18, 2019 is attached to the Declaration of Brian W. Tilker ("Tilker Decl.")

as Exhibit "A".

     2.     On February 19, 2019, Plaintiff filed an Amended Complaint in the

Circuit Court Action.  A copy of the Amended Complaint is attached to the

Declaration of Brian W. Tilker ("Tilker Decl.") as Exhibit "B".

     3.     The Eighth Claim for Relief in the Amended Complaint is under the

Magnuson-Moss Warranty Act.  In support of that claim, Plaintiff alleges that

"Plaintiff has suffered the damages enumerated above."  Amended Compliant at ¶

75.  The Amended Complaint, however, did not make clear what the "damages enumerated above" referenced.

4.      In the prayer section of the Amended Complaint, Plaintiff prays with respect to the Magnuson-Moss Warranty Act claim for a judgment "in the amount of $40,448.76 together with additional damages to be determined."  Amended Complaint at pp. 16-17.

5.      In FCA US's First Request for Answers to Interrogatories to Plaintiff, dated May 1, 2019 (the "FRAI"), FCA US asked that Plaintiff "identify each category of damages Plaintiff seeks to recover as part of its Magnuson-Moss Warranty Act claim, which is the Eighth Claim for Relief in the FAC, and for each category of damages please provide an itemization or breakdown of the amount of damages you have allegedly suffered as a result of Defendants' alleged violations of the Magnuson-Moss Warranty Act."  *See* Tilker Decl., Exhibit "C" at p. 17.

6.      In her response to the FRAI dated May 29, 2019, Plaintiff stated as follows in response to FCA US's interrogatory concerning the Magnuson-Moss Warranty Act claim:  "Discovery is ongoing.  See Complaint.  Plaintiff will supplement the response throughout the course of litigation."  *See id.*, Exhibit "D" at p. 14.

7.      After a meet-and-confer between the parties, Plaintiff issued supplemental responses to the FRAI dated July 10, 2019, which supplemented the

foregoing response by stating "The car is defective and Defendants have not complied with their written warranties." *See id.*, Exhibit "E" at p. 7.

8. On July 19, 2019, FCA US's counsel wrote to Plaintiff's counsel via email and stated that "Plaintiff has still not addressed the Magnuson Moss damages interrogatory deficiencies." *See id.*, Exhibit "F".

9. On August 1, 2019, FCA US's counsel emailed Plaintiff's counsel to follow up on the Magnuson Moss damages issue. *See id.*, Exhibit "G".

10. Plaintiff was deposed on August 5, 2019. The transcript of Plaintiff's deposition was received on August 22, 2019. *See id.* at ¶ 9.

11. During her deposition, Plaintiff confirmed that the additional damages she sought as part of her Magnuson-Moss Warranty Act Claim were those referenced in paragraph 59 of the Amended Complaint which references "the cost of [her] vehicle, the inconvenience of obtaining alternative transportation, anxiety, embarrassment, anger, fear, frustration, disappointment, worry, aggravation, and she will continue to suffer future damages together with costs and fees to obtain relief from Defendants' wrongful conduct." *See* Tilker Decl. at Exhibit "H" at 143:23 – 155:9. Specifically, when asked whether the "additional damages" sought under the Magnuson-Moss Warranty Act are the categories referenced in paragraph 59 of the Amended Complaint such as "inconvenience," Plaintiff testified "That's what I know them to be." *Id.* at 155:2-5. These categories of

alleged damages were set forth in support of an entirely different claim in the

Amended Complaint, and thus Plaintiff's deposition was the first time that FCA

US was put on notice of the full scope of damages being sought by Plaintiff under

the Magnuson-Moss Warranty Act claim.

12.    Federal district courts have original jurisdiction in actions "arising

under the Constitution, laws, or treatises of the United States."  28 U.S.C. § 1331.

An action "arises" under the federal law within the meaning of 28 U.S.C. §1331, if

federal law either creates the cause of action or the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law.

*Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28

(1983).

13.    The Magnuson-Moss Warranty Act confers federal jurisdiction on any

matter in which the amount in controversy is in excess of $50,000.00, exclusive of

"costs and interests."  15 U.S.C. § 2310(d)(3)(B).  No reference to attorneys' fees

exists in 15 U.S.C. §2310(d)(3)(B).

14.    In the Amended Complaint, Plaintiff alleges that the total cost of the

vehicle at issue is $40,448.76.  *See* Amended Complaint at ¶ 17.

15.    In addition, Plaintiff confirmed during her deposition on August 5,

2019, that the additional damages she seeks under the Magnuson-Moss Warranty

Act claim include, *inter alia*, aggravation and inconvenience damages.

16.     Further, in her prayer for relief, Plaintiff seeks as to all claims, including the Magnuson-Moss Warranty Act claim, an award of reasonable attorney fees and costs." *See* Amended Complaint at p. 17.

17.     "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt v. Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The Magnuson-Moss Warranty Act allows a plaintiff to recover attorneys' fees. 15 U.S.C. § 2310(d)(2).

18.     The amount in controversy exceeds $50,000.00 based on the allegation in the Complaint coupled with Plaintiff's testimony that the additional damages she seeks in support of the Magnuson-Moss Warranty Act Claim include emotional and inconvenience damages, as well as an award of attorneys' fees and costs.

19.     By way of example and without conceding any liability whatsoever, attached as Exhibit "I" is a Judgment in a Civil Case entered in *Bray v. Monaco Coach Corp. and Power Gear*, CV-03-363-TUC-DCB, U.S. District Court, District of Arizona. In that case, the Court ordered the defendants to refund the plaintiffs $229,677.00, representing the total sales price of a motor home. As part of that Order, the Court ordered the defendants to collectively pay the plaintiffs $36,900.00 for "aggravation and/or inconvenience." In the context of this action,

which admittedly involves a lower priced vehicle than the one in *Bray*, it is

plausible that an award for aggravation and/or inconvenience could be as much as

$10,000.00 based on the above-referenced award.  Further, here, Plaintiff seeks

damages for "anxiety" or "fear" *in addition to* damages for "inconvenience" or

"aggravation".

20.    All of Plaintiffs' state law claims arise out of the same nucleus of

operative facts.  Accordingly, supplemental jurisdiction under 28 U.S.C. § 1367 of

Plaintiffs' remaining causes of action is appropriate.

21.    This removal notice is timely as it is filed less than 30 days after FCA

US's notice of the scope of damages Plaintiff seeks under her Magnuson-Moss

Warranty Act claim, which was either on August 5, 2019 during Plaintiff's

deposition or on August 22, 2019, when FCA US received the transcript of said

deposition.  FCA US attempted to obtain this information through written

discovery at an earlier juncture in the case but was unable to do so.

22.    The 30-day time period for removal pursuant to § 1446(b)(1) starts to

run from a defendant's receipt of the initial pleading "only when that pleading

affirmatively reveals on its face the facts necessary for federal court jurisdiction."

*Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014).  Here, the

Amended Complaint did not clearly reveal the facts necessary for federal

jurisdiction as it referenced only the cost of the subject vehicle (which was under

$50,000.00) and alleged additional "damages enumerated above" without any specifics as to the categories of those damages.  Thus, removal is timely and proper.

23.    A copy of all pleadings, process and orders in the State Court matter are attached hereto.

24.    FCA US will promptly notify Plaintiff, co-defendant Cutter CJD Inc. and the Circuit Court of this removal.

Wherefore, FCA US requests that the above action pending before the Circuit Court of the First Circuit, State of Hawaii, be removed to the United States District Court for the District of Hawaii.

DATED: August 22, 2019

> TORKILDSON KATZ
> HETHERINGTON HARRIS & KNOREK
> Attorneys at Law, A Law Corporation
>
>
> /s/ Brian W. Tilker
> BRIAN W. TILKER
> ERIK A. RASK
> Attorneys for Defendant
> FCA US LLC