# Exhibit C

TORKILDSON KATZ
HETHERINGTON HARRIS & KNOREK
Attorneys at Law, A Law Corporation

BRIAN W. TILKER          9684-0
ERIK A. RASK             10808-0
700 Bishop Street, 15th Floor
Honolulu, HI 96813
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
FCA US LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MIGNONETTE OLIVAS,<br><br>Plaintiff,<br><br>v.<br><br>CUTTER CJD, INC. (d/b/a CUTTER DODGE CHRYSLER JEEP PEARL CITY), FCA US LLC (d/b/a CHRYSLER CORPORATION and CHRYSLER GROUP LLC), and DOE DEFENDANTS 1-10,<br><br>Defendants. | CIVIL NO. 19-1-0105-01 GWBC<br>(Other Civil Action)<br><br>DEFENDANT FCA US, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF MIGNONETTE OLIVAS; CERTIFICATE OF SERVICE |

DEFENDANT FCA US, LLC'S FIRST REQUEST
FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF MIGNONETTE OLIVAS

TO:  Plaintiff Mignonette Olivas and her attorney of record:

JUSTIN A. BRAKETT, ESQ.
515 Ward Avenue
Honolulu, Hawaii 96814

Defendant FCA US LLC ("FCA"), by and through its undersigned counsel, request that

Plaintiff MIGNONETTE OLIVAS ("Plaintiff") answer under oath, and in accordance with

HRCP Rules 26 and 33, the Interrogatories served herewith.  In answering the Interrogatories,

you are not only required to furnish information available from your own personal knowledge,

**EXHIBIT "C"**

but also information that is in the possession of your attorneys, agents, or anyone else acting on your behalf or their behalf.

In lieu of identifying or quoting particular documents, when such identification is requested, said documents may be attached to the responses to the Interrogatories.

Answers may be inserted into the spaces provided in the Interrogatories.  If additional space is necessary to answer any Interrogatory, complete your answers on additional sheets bearing the same respective number as the number of the Interrogatory that you are answering.

PLEASE TAKE NOTICE that responses to these interrogatories must be served upon the undersigned at the offices of TORKILDSON, KATZ, HETHERINGTON, HARRIS & KNOREK, 700 Bishop Street, 15th Floor, Honolulu, Hawaii 96813, within thirty (30) days after the date of service of these Interrogatories upon you.  This request shall be deemed continuing, pursuant to HRCP Rule 26(e).

DATED:  Honolulu, Hawaii, May 1, 2019.

TORKILDSON KATZ
HETHERINGTON HARRIS & KNOREK,
Attorneys at Law, A Law Corporation

BRIAN W. TILKER
ERIK A. RASK
Attorneys for Defendant
FCA US LLC

2

## <u>INSTRUCTIONS & DEFINITIONS</u>

**A.      INSTRUCTIONS**

1.      *Authority.*  These discovery requests are submitted pursuant to HRCP Rules 26 and 33.

2.      *Supplemental Answers.*  To the extent required by HRCP Rules 26 and 33, supplemental responses to these Requests are required if Plaintiff obtains further documents or information relating to any matter inquired of in these Requests or an awareness of additional person(s) with knowledge relating to the matters herein, between the time it serves its initial responses to these Requests and trial.

3.      *Person Identification.*  In each case where Plaintiff is asked to "identify" a person, please state, with respect to each such person, the following:

   a)      Name;

   b)      Current business address and telephone number; and

   c)      Current residence address and telephone number, if known.

4.      *Document Identification.*  In each case where Plaintiff is asked to "identify" a document, please state, with respect to each such document, the following:

   a)      Date;

   b)      Author(s);

   c)      Recipient(s);

   d)      Subject matter;

   e)      Custodian(s); and

   f)      Current location(s), if known.

5.      *Privilege Claims.*  If Plaintiff refuses or fails to answer all or part of any Request on the basis of any claim(s) of privilege, Plaintiff must specify the nature and scope of the privilege claimed and the information withheld, with sufficient particularity to enable Defendant to evaluate the appropriateness of the privilege claimed under the circumstances.

6.      *Incomplete Responses.*  If, after exercising due diligence to obtain the information requested, you cannot or will not answer any interrogatory fully or completely, whether because of privilege or otherwise, please:

a)      State that your answer is incomplete;

b)      Specify the part or parts of the interrogatory to which you are unable or unwilling to respond;

c)      State the facts and/or grounds upon which you rely to support your contention that you are not able and/or should not be compelled to answer completely;

d)      Answer fully and completely the part or parts of the Interrogatory to which you are able to respond; and

e)      State the information, knowledge or belief you have concerning the unanswered part or parts of such Interrogatory. This subparagraph (e) is not applicable to Interrogatories not answered due to the claim of privilege.

7.      *No Legal Conclusions Sought.*  No conclusions of law are sought by these Requests. Whenever a Request seeks information that may appear to be a conclusion of law, the Request should be construed to be directed solely to the factual basis(es) from which that conclusion might or could be drawn, regardless of whether Plaintiff agrees with the conclusion.

8.      *Objections.*  If an objection is made to any Request, the reason(s) for such objection shall be stated with specificity.

## B.      DEFINITIONS

1.      "And" or "or" shall be construed conjunctively or disjunctively as necessary in order to bring within the scope of the interrogatory all responses which might otherwise be construed to be outside its scope.

2.      "Communication" or "communicated" means any conversation, discussion or statement transmitted orally or in writing between two or more persons, and includes a request for the following information:

a)      The date and time of the communication;

b)      The persons making and receiving the communication;

c)      The place or description where the communication occurred;

d)      The persons or witnesses present when the communication occurred; and

e)      The content of each communication.

3.      As used herein, the terms "lawsuit" and "this litigation" mean the above-

captioned action entitled *Mignonette Olivas v. Cutter CJD, Inc. (d/b/a Cutter Dodge Chrysler Jeep Pearl City), et al.*, Civil No. 18-1-0105-01 GWBC, Circuit Court of the First Circuit, State of Hawaii.

4.      "Complaint" means the Complaint filed by Plaintiff in this litigation on January 18, 2019.

5.      "FCA" shall mean and refer to FCA US LLC.

6.      "Describe in full detail" and "state in detail" mean to fully, faithfully and accurately state each and every fact, circumstance, act, omission, statement, transaction, event, conduct, and communication involving, directly or indirectly, in whole or in part, the matter inquired of.

7.      "Document" is used in its broadest sense and means and includes any written, printed, recorded or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies (whether different from the original by reason of any notation, underlining, editing marks made on or attached to such copy or otherwise), including letters, correspondence, instructions, statements, notices, telegrams, telexes, memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, "Post-It" notes, stenographic notes, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, bulletins, Photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, compact disks, data tapes or readable computer-produced interpretations or transcriptions thereof, electronically transmitted messages ("e-mail"), voice mail messages, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description whatsoever, including any information in any computer, even if not yet printed out, within your possession, custody or control.

8.      "Identify," when used with respect to any document, means to describe the document in such a manner so that all of the following information is provided:

a)      The type of document (e.g., letter, memorandum, contract, e-mail, etc.);

b)      Its title, subject matter, and substance, and any other similar particulars as may be reasonably necessary to enable Defendant to understand the nature and general purpose of the writing and to be able to identify the writing in a manner sufficient to distinguish it from all other writings;

c)      The date on which the document was prepared, drafted, or recorded;

5

    d)       The date on which the document was sent and/or received, if applicable;

    e)       The full name, present address or addresses, and present telephone number or numbers of each such person or witness who prepared or participated in the preparation of, drafted or participated in the drafting, sent, received, executed, or recording of such document;

    f)       Any document, attachment, file, reference, invoice, or similar identifying number, symbol or date thereof, or connected therewith;

    g)       The present or last known location of any originals or copies, including the names, addresses and telephone numbers of each person having possession, custody or control of each such original or copy; and

9.      "Identify," when used with respect to an act or other form of conduct, includes a request for the following information:

    a)       The type and nature of the act or conduct engaged in;

    b)       The party alleged to have committed or authorized the act or conduct;

    c)       The date on which, and place where, such act or conduct is claimed to have occurred;

    d)       The identification of any person who witnessed the act being performed or the conduct being engaged in.

10.      "Identify," when used with respect to a person or witness includes a request for the following information with respect to such person or witness:

    a)       Full name, present or last known residence and business addresses, and telephone numbers;

    b)       The person's or witness' occupation, position, or official capacity at the time the person or witness performed the act or made the statement or writing to which the answer relates;

    c)       The person's or witness' present occupation, position, or official capacity;

    d)       The person's or witness' present company or governmental affiliation; and

    e)       As to each person identified, state those fact(s) within that person(s) knowledge, information, or belief.

11.      Involving," "regarding" or "relating to" and the derivatives thereof, mean involving, including, summarizing, recording, containing, listing, pertaining, concerning,

showing, explaining, covering, comprising, consisting of, constituting, addressing, discussing, describing, mentioning, setting forth, referencing, reflecting, or in any way logically or factually connected to the subject matter described in the Request.

12.     "Person" includes any individual, person, firm, association, partnership, joint venture, corporation, company, estate, trust, agency, receiver, syndicate, proprietorship, municipality, city, town, county, state, borough, or any other form of legal entity, including groups and combinations of the same acting as a unit.

13.     "Subject vehicle," or "vehicle" means Plaintiff's 2018 Dodge Challenger (VIN # 2C3CDZAG0JH217289) purchased on or about April 2, 2018.

14.     "Writing" means and includes any tangible thing upon which is recorded any form of communication or representation, including letters, words, pictures, sounds or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photostating, photographing, sound recording, or any other method of recording.  This definition includes, but is not limited to, records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonograph recordings, and microfilm, whether in your possession or under your control or not, relating to or pertaining in any manner to the subject in connection with which it is used, and includes, without limitation, all file copies and all drafts prepared in connection with such writings, whether used or not.

15.     As used herein, the terms "you," "your," or "Plaintiff " mean and include Plaintiff Mignonette Olivas.

16.     As used herein, any words or terms in the singular include the plural, and words and terms in the plural include the singular.

## INTERROGATORIES

**INTERROGATORY NO. 1:**   Please state your full name and any other names by which you may have been known, and your date of birth.

**RESPONSE:**

**INTERROGATORY NO. 2:**  What is your driver's license number.

**RESPONSE:**

**INTERROGATORY NO. 3:**  State the nature of your employment, including employer, job title and job responsibilities and whether you use or have used the subject vehicle for any business purpose.

**RESPONSE:**

**INTERROGATORY NO. 4:**  State the name and address of any and all service, repairs and maintenance facilities that have performed service on the subject vehicle from the date of its purchase by Plaintiff until the present.

**RESPONSE:** 

**INTERROGATORY NO. 5:**  Please identify all persons who have an ownership interest in the subject vehicle.

**RESPONSE:**

**INTERROGATORY NO. 6:**   Identify by name and address all persons who have driven the vehicle in question.  For each such person, state the approximate number of times he/she drove the vehicle in question and the approximate period of time in which he/she drove the vehicle.

**RESPONSE:**

**INTERROGATORY NO. 7:**  Please state the present location of the vehicle and state the address, telephone number and identity of the individual or entity that currently has custody/control of the vehicle.

**RESPONSE:**

**INTERROGATORY NO. 8:**  Is the subject vehicle still being driven as of the date of your response to this interrogatory?  If not, what is the reason the vehicle is not currently being driven.

**RESPONSE:**

**INTERROGATORY NO. 9:**  Please state the mileage of the subject vehicle at the time of purchase and at present.

**RESPONSE:**

**INTERROGATORY NO 10.:**  Please describe any aftermarket accessories or components which have been installed or utilized since the date of your purchase of the subject vehicle.

**RESPONSE:**

**INTERROGATORY NO. 11:**  Has the vehicle been damaged by an accident, vandalism, or any other cause?  If so, please provide the following information for each incident resulting in damage:

        a.   The date and location of each incident;
        b.   A description of any damage and the nature and extent of any repair;
        c.   Whether a claim was filed with any insurance company;
        d.   The name of each insurance company involved in the claim;
        e.   A detailed account of all compensation you received from any insurance company;
        f.   A detailed description of any repairs paid for by any insurance company; and
        g.   The court, docket number, and captioned parties of any lawsuit involving each incident

**RESPONSE:**

**INTERROGATORY NO. 12:**  Please identify and describe the date, nature and content of any communication you have had with FCA regarding the subject vehicle since the date of your purchase.

**RESPONSE:**

**INTERROGATORY NO. 13:**  Please identify each repair facility that repaired or diagnosed the subject vehicle.  Please include the following:

| | |
|---|---|
| a | The date and mileage each repair or diagnosis was performed, including total days out of service; |
| b. | The name of the facility performing the repair or diagnosis; |
| c. | A description of each repair or diagnosis performed; |
| d. | Whether each repair or diagnosis was initially successful. |
| e. | Whether the complaint presented at each repair visit recurred; and |
| f. | Whether the complaint which was the subject of each repair presentation still exists. |

**RESPONSE**:

**INTERROGATORY NO. 14:**   State whether there have been any inspections and/or examinations other than those associated with repairs performed on the subject vehicle from the date of its purchase by plaintiff to the present and if so, state the date when any inspection or examination was held and by whom said inspection was performed.

**RESPONSE:**

**INTERROGATORY NO. 15:**  Identify specifically, and not by incorporating by reference repair orders or other documents not prepared by yourself, the manner in which each non-conformity which you allege substantially impairs the use value or safety of the vehicle.

**RESPONSE**:

**INTERROGATORY NO. 16:**  Did you submit your claims regarding the subject vehicle to any informal dispute settlement mechanism?  If so, please provide the name of the body to which your dispute was submitted, the results of any procedures, the date of any decision rendered and the identifying number of the proceeding.

**RESPONSE**:

**INTERROGATORY NO. 17:** Identify and describe each warranty and/or service contract that you claim applies to the subject vehicle.  Please include the following:

        a.   The method by which each warranty or service contract was consummated;
        b.   The date each warranty or service contract was consummated;
        c.   The name of the person who made each warranty or service contract; and
        d.   A description of every document or record containing each warranty or service contract.

**RESPONSE:**

**INTERROGATORY NO. 18:** Do you allege that any incidents have occurred which have caused you to believe that the subject vehicle has a safety related defect?  If so, please provide the following information for each alleged incident:

        a.   A detailed description of each alleged incident;
        b.   The date each alleged incident occurred; and
        c.   The name and last known address and telephone number of each witness to each alleged incident.

**RESPONSE:**

**INTERROGATORY NO. 19**:  State whether or not you have been a party to any other litigation during the past 10 years.  For each case, please provide the docket number, jurisdiction, and a description of the resolution.

**RESPONSE**:

**INTERROGATORY NO. 20:**  State whether or not you have previously had any dispute(s) with a vehicle manufacturer or vehicle dealership.  If so, please provide the following regarding each dispute:

>    a.   The name of each manufacturer or dealership involved in each dispute;
>    b.   The reason for each dispute;
>    c.   The terms of the resolution of each dispute; and
>    d.   Each identifying docket number, case number, or other identifier denoting each dispute.

**RESPONSE:**

**INTERROGATORY NO. 21:** Excluding those occasions when the subject vehicle was presented for repair to a named defendant in this action, please identify each occasion when you notified any Defendant of any alleged defect in the subject vehicle.  Please include the following information:

        a.   The date of the notification;
        b.  Whether the notification was in writing or made orally; and
        c.   A summary of the conversation or writing wherein the notification was given.

**RESPONSE**:

**INTERROGATORY NO. 22:** Excluding individuals who may be called to provide expert testimony, for each person who possesses knowledge or information about any fact or circumstance relating to any allegation in your Complaint, please provide the following:

        a.   The person's name and last known address and telephone number;
        b.  Whether the person has been contacted by you or your attorney about any fact or circumstance forming the basis of your Complaint;
        c.   The date and location of every contact between the person and either you or your attorney when any fact or circumstance forming the basis of your Complaint was discussed;
        d.  A summary of each conversation between the person and you, your agent or your attorney about any fact or circumstance forming the basis of your Complaint;
        e.   A summary of the information and knowledge possessed by the person which supports, refutes or in any way relates to any fact or circumstance forming the basis of your Complaint;
        f.   Whether the person is expected to be a witness in this case.

**RESPONSE:**

**INTERROGATORY NO. 23:**  State whether Plaintiff has ever been refused service, repair, inspection or diagnosis for any issue or problem which plaintiff alleges was covered by a written limited warranty and if so, provide the date service, repair, inspection or diagnosis was refused, the entity that refused plaintiff, and the reason given for the refusal.

**RESPONSE:**

**INTERROGATORY NO. 24:**   Please identify each category of damages Plaintiff seeks to recover as part of its Magnuson-Moss Warranty Act claim, which is the Eighth Claim for Relief in the FAC, and for each category of damages please provide an itemization or breakdown of the amount of damages you have allegedly suffered as a result of Defendants' alleged violations of the Magnuson-Moss Warranty Act.

**RESPONSE:**

## **VERIFICATION**

### **(Answers to Interrogatories)**

STATE OF HAWAII                              )
                                                            ) SS.
CITY/COUNTY: _____          )

     I, _____, being first duly sworn on oath, depose and say that:

I am who answered the foregoing interrogatories; I have read the request for answers to

interrogatories and the foregoing answers thereto, and the answers are true to the best of my

knowledge, information and belief.

     Dated: _____

                                  _____

## **NOTARY CERTIFICATE**

     This Verification and Answers to Interrogatories, dated _____, 2019, and

consisting of _____ pages, was subscribed and sworn to before me by _____

this _____ day of _____, 2019.

_____
Notary Public, State of Hawaii

_____
[Type or Print Notary's Name]

               My Commission expires:_____

TORKILDSON KATZ
HETHERINGTON HARRIS & KNOREK
Attorneys at Law, A Law Corporation

BRIAN W. TILKER          9684-0
ERIK A. RASK             10808-0
700 Bishop Street, 15th Floor
Honolulu, HI  96813
Telephone:  (808) 523-6000
Facsimile:  (808) 523-6001

Attorneys for Defendant
FCA US LLC

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MIGNONETTE OLIVAS,<br><br>                 Plaintiff,<br><br>        v.<br><br>CUTTER CJD, INC. (d/b/a CUTTER DODGE CHRYSLER JEEP PEARL CITY), FCA US LLC (d/b/a CHRYSLER CORPORATION and CHRYSLER GROUP LLC), and DOE DEFENDANTS 1-10,<br><br>                 Defendants. | CIVIL NO. 19-1-0105-01 GWBC<br>(Other Civil Action)<br><br>CERTIFICATE OF SERVICE |

The undersigned certifies that DEFENDANT FCA US, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF MIGNONETTE OLIVAS, was duly served upon the following in the manner indicated below:

| | Hand-Delivery | E-Mail | U.S. Regular Mail |
|---|---|---|---|
| Justin A. Brakett, Esq.<br>515 Ward Avenue<br>Honolulu, Hawaii 96814 | ☐ | ☒ | ☒ |

*Attorneys for Plaintiff*

| | **Hand-Delivery** | **E-Mail** | **U.S. Regular Mail** |
|---|---|---|---|
| | ☒ | ☐ | ☐ |

Joachim P. Cox, Esq.
Robert K. Fricke, Esq.
Abigail M. Holden, Esq.
COX FRICKE
800 Bethel Street, Suite 600
Honolulu, Hawai'i 96813

*Attorneys for Defendant*
CUTTER CJD, INC. d/b/a
CUTTER DODGE CHRYSLER JEEP
PEARL CITY

    DATED:  Honolulu, Hawaii, May 1, 2019.

                    TORKILDSON KATZ
                    HETHERINGTON HARRIS & KNOREK,
                    Attorneys at Law, A Law Corporation

                    _____
                    BRIAN W. TILKER
                    ERIK A. RASK
                    Attorneys for Defendant
                    FCA US LLC