# Exhibit D

JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff
Mignonette Olivas

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
## STATE OF HAWAIʻI

| | |
|---|---|
| MIGNONETTE OLIVAS<br><br>            Plaintiff,<br>vs.<br><br>CUTTER CJD, Inc. (d/b/a CUTTER DODGE CHRYSLER JEEP PEARL CITY); FCA US, LLC (d/b/a CHRYSLER CORPORATION and CHRYSLER GROUP LLC), AND DOE<br><br>            Defendants. | CIVIL NO. 19-1-0105-01 GWBC<br>(Other Civil Action)<br><br>PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT FCA US, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF MIGNONETTE OLIVAS DATED MAY 1, 2019; CERTIFICATE OF SERVICE |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT FCA US, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF MIGNONETTE OLIVAS DATED MAY 1, 2019**

Pursuant to Rules 26 and 33 of the Hawaii Rules of Civil Procedure, Plaintiff Mignonette Olivas ("Plaintiff" or "Ms. Olivas") hereby objects and responds to Defendant FCA US, LLC's First Request for Answers to Interrogatories to Plaintiff dated May 1, 2019 (the "Request") as follows:

### GENERAL OBJECTIONS TO DEFENDANT'S
### FIRST REQUEST FOR ANSWERS TO INTERROGATORIES

1. Plaintiff objects to any Request to the extent that it seeks or may be deemed to seek answers or information protected by the attorney-client privilege, the work-product doctrine, or any

**EXHIBIT "D"**

applicable privilege provided by statute, rules, or common law. Any disclosure of such information is inadvertent and is not intended to waive such privileges or protections.

2. Plaintiff objects to any Request to the extent that it seeks to unilaterally expand the scope of discovery allowed by the HRCP through the instructions and definitions preceding the interrogatories or by any other means.

3. Plaintiff has not completed discovery or trial preparation in this matter. Further, Plaintiff has not completed its review and analyses of the documents in its possession, custody, or control that have been gathered thus far in the course of discovery. Accordingly, these responses were made without prejudice to Plaintiff's right to present additional or modified answers at trial based upon information obtained or evaluated hereafter.

4. Plaintiff objects to any Request to the extent that it contains words or phrases susceptible to various and conflicting interpretations and, consequentially, calls for speculation on the part of Plaintiff. Plaintiff will respond to any ambiguous request based upon its reasonable interpretation of such interrogatory.

5. Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a. All objections as to competency, relevancy, materiality, and admissibility of the responses or the subject matter thereof;

    b. All objections as to vagueness, ambiguity, or undue burden;

    c. All rights to object on any grounds to the use of the responses, or the subject matter thereof, at trial of this or any other action; and

    d. All rights to object on any grounds to any request for further responses to these or to other requests involving or relating to the subject matter of these interrogatories.

6. Plaintiff objects to each Request to the extent that it requests information that is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to each Request insofar as it requests information so broad, uncertain, and unintelligible that Defendants cannot determine the nature of the information sought and, therefore, is unable to respond.

8. Plaintiff objects to the definitions in the Requests and will not be bound by those definitions in the following responses. Plaintiff assumes that words utilized by Plaintiff in the Requests are utilized under a common, ordinary, (i.e., dictionary) meaning.

9. Plaintiff objects to each Request to the extent that it requires the dissemination of the confidential information.

10. Plaintiff objects to each Request to the extent that it seeks to impose a burden on it in excess of the requirements of the HRCP.

11. Plaintiff reserves the right to amend or supplement these responses to the Request in accordance with the HRCP.

12. The applicable foregoing general and specific objections are hereby incorporated into each of Plaintiff's specific answers that follow with the same force and effect as if fully set forth herein.

DATED: Honolulu, Hawai`i, May 29, 2019.

Justin A. Brackett
Attorney for Plaintiff

## INTERROGATORIES

INTERROGATORY NO. 1: Please state your full name and any other names by which you may have been known and your date of birth.

ANSWER: In addition to Plaintiff's general objections, Plaintiff objects to this request on the ground that Plaintiff's date of birth is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the objections, Plaintiff's full name is Mignonette Nicole Olivas.

INTERROGATORY NO. 2: What is your driver's license number.

ANSWER: In addition to Plaintiff's general objections, Plaintiff objects to this request on the ground that Plaintiff's driver's license number is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the objections, Plaintiff's driver's license number is D04093810.

INTERROGATORY NO. 3: State the nature of your employment, including employer, job title and job responsibilities and whether you use or have used the subject vehicle for any business purpose.

ANSWER: In addition to Plaintiff's general objections, Plaintiff objects to this request on the ground that Plaintiff's employment information such as employer, job title, and job responsibilities are neither relevant nor reasonably calculated to lead to the discovery of

4

admissible evidence. Subject to and without waiver of the objections, Plaintiff is unemployed and only used the subject vehicle for personal purposes.

INTERROGATORY NO. 4: State the name and address of any and all service, repairs, and maintenance facilities that have performed service on the subject vehicle from the date of its purchase by Plaintiff until the present.

ANSWER: Plaintiff objects to the Request to the extent it calls for a response that is as accessible to Defendant as to Plaintiff, or more readily accessible to Defendant than to Plaintiff. Subject to and without waiver of the objections, Plaintiff believes the following service, repairs, and maintenance facilities that have performed service on the subject vehicle is:

> CUTTER CJD., INC. dba CUTTER DODGE CHRYSLER JEEP PEARL CITY
> 905 Kamehameha Hwy.
> Pearl City, Hawaii 96782

INTERROGATORY NO. 5: Please identify all persons who have an ownership interest in the subject vehicle.

ANSWER: Mignonette Olivas

INTERROGATORY NO. 6: Identify by name and address all person who have driven the vehicle in question. For each such person, state the approximate number of times he/she drove the vehicle in question and the approximate period of time in which he/she drove the vehicle.

ANSWER: In addition to Plaintiff's general objections, Plaintiff objects to this request on the ground that stating the approximate number of times he/she drove the vehicle in question and the approximate period of time in which he/she drove the vehicle is unduly burdensome. Subject to and without waiver of the objections, Plaintiff answers: Mignonette Olivas and Cipriano Olivas.

INTERROGATORY NO. 7: Please state the location of the vehicle and state the address, telephone number and identity of the individual or entity that currently has custody/control of the vehicle.

ANSWER: The vehicle is located at the home of Mignonette Olivas. She can be contacted through her attorney.

INTERROGATORY NO. 8: Is the subject vehicle still being driven as of the date of your response to this interrogatory? If not, what is the reason the vehicle is not currently being driven.

ANSWER: As this is her only means of transportation, Ms. Olivas does still drive the vehicle when absolutely necessary. She fears for her safety every time she has to drive it.

INTERROGATORY NO. 9: Please state the mileage of the subject vehicle at the time of purchase and at present.

ANSWER:   Mileage at time of purchase: 84 miles

   Mileage currently: 12,168 miles as of May 15, 2019

INTERROGATORY NO. 10: Please describe any aftermarket accessories or components which have been installed or utilized since the date of your purchase of the subject vehicle.

ANSWER: None

INTERROGATORY NO. 11: Has the vehicle been damaged by an accident, vandalism, or any other cause? If so, please provide the following information for each incident resulting in damage:

    a. The date and location of each incident;

    b. A description of any damage and the nature and extent of any repair;

    c. Whether a claim was filed with any insurance company;

    d. The name of each insurance company involved in the claim;

    e. A detailed account of all compensation you received from any insurance company;

    f. A detailed description of any repairs paid for by any insurance company; and

    g. The court, docket number and captioned parties of any lawsuit involving each incident.

ANSWER: No

INTERROGATORY NO. 12: Please identify and describe the date, nature and content of any communication you have had with FCA regarding the subject vehicle since the date of your purchase.

ANSWER: Plaintiff objects to the Request to the extent it calls for a response that is as accessible to Defendant as to Plaintiff, or more readily accessible to Defendant than to Plaintiff.

Subject to and without waiver of the objections, Plaintiff answers as follows: See Complaint, FCA's responses to discovery requests, and the attached responses to FCA's Requests for Production.

INTERROGATORY NO. 13: Please identify each repair facility that repaired or diagnosed the subject vehicle. Please include the following:

    a. The date and mileage each repair or diagnosis was performed, including total days out of service;

    b. The name of the facility performing the repair or diagnosis;

    c. A description of each repair or diagnosis performed;

    d. Whether each repair or diagnosis was initially successful;

    e. Whether the complaint presented at each repair visit recurred; and

    f. Whether the complaint which was the subject of each repair presentation still exists.

ANSWER: Plaintiff objects to the Request to the extent it calls for a response that is as accessible to Defendant as to Plaintiff, or more readily accessible to Defendant than to Plaintiff. Subject to and without waiver of the objections, Plaintiff answers as follows: All repairs were made by:

    CUTTER CJD., INC. dba CUTTER DODGE CHRYSLER JEEP PEARL CITY
    905 Kamehameha Hwy.
    Pearl City, Hawaii 96782

See the Complaint, FCA's responses to discovery requests, and the attached responses to FCA's Requests for Production.

INTERROGATORY NO. 14: State whether there have been any inspection and/or examinations other than those associated with repairs performed on the subject vehicle from the date of its purchase by plaintiff to the present and if so, state the date when any inspection or examination was held and by whom said inspection was performed.

ANSWER: None.

INTERROGATORY NO. 15: Identify specifically, and not by incorporating by reference repair orders or other documents not prepared by yourself, the manner in which each non-conformity which you allege substantially impairs the use value or safety of the vehicle.

ANSWER: In addition to Plaintiff's general objections, Plaintiff objects to this request on the grounds that it is an incoherent sentence that does not appear to request any information from Plaintiff.

INTERROGATORY NO. 16: Did you submit your claims regarding the subject vehicle to any informal dispute settlement mechanism? If so, please provide the name of the body to which your dispute was submitted, the results of any procedures, the date of any decision rendered and the identifying number of the proceeding.

ANSWER: None.

INTERROGATORY NO. 17: Identify and describe each warranty and/or service contract that you claim applies to the subject vehicle. Please include the following:

    a. The method by which each warranty or service contract was consummated;

    b. The date each warranty or service contract was consummated;

    c. The name of the person who made each warranty or service contract; and

    d. A description of every document or record containing each warranty or service contract.

ANSWER: Plaintiff objects to the Request to the extent it calls for a response that is as accessible to Defendant as to Plaintiff, or more readily accessible to Defendant than to Plaintiff. Subject to and without waiver of the objections, Plaintiff answers as follows: All warranty and service contracts were initiated by:

    CUTTER CJD., INC. dba CUTTER DODGE CHRYSLER JEEP PEARL CITY
    905 Kamehameha Hwy.
    Pearl City, Hawaii 96782

Furthermore, the applicable warranty and service contracts in Plaintiff's possession are attached hereto.

INTERROGATORY NO. 18: Do you allege that any incidents have occurred which have caused you to believe that the subject vehicle has a safety related defect? If so, please provide the following information for each alleged incident:

    a. A detailed description of each alleged incident;

    b. The date each alleged incident occurred; and

    c. The name and last known address and telephone number of each witness to each

alleged incident.

ANSWER: Subject to and without waiver of the general objections, Plaintiff asserts she received a recall notice in early July 2018, then she noticed the knocking noise from her vehicle when she's driving and when placing vehicle transmission shifter into the drive position in early July 2018. Plaintiff then called Cutter regarding the recall notice to set up an appointment for August 17, 2018. Cutter service manager Jesse Morgan 808-564-9803 rode in the vehicle as a passenger, witnessed and acknowledged vehicle noise while driving. Cutter service advisor Shanna Hermann (AKA Ui) 808-564-9806 examined vehicle while shifting transmission selector and acknowledged hearing uncommon loud noise.

INTERROGATORY NO. 19: State whether or not you have been a party to any other litigation during the past 10 years. For each case, please provide the docket number, jurisdiction and a description of the resolution.

ANSWER: In addition to Plaintiff's general objections, Plaintiff objects to this request on the ground that this Request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the objections, Plaintiff answers as follows: she has not been a party to any other litigation in the past 10 years except for a divorce case in 2008 in Arizona.

INTERROGATORY NO. 20: State whether or not you have previously had any dispute(s) with a vehicle manufacturer or vehicle dealership. If so, please provide the following regarding each dispute:

11

    a. The name of each manufacturer or dealership involved in each dispute;

    b. The reason for each dispute;

    c. The terms of the resolution of each dispute; and

    d. Each identifying docket number, case number, or other identifier denoting each dispute.

ANSWER: None.

INTERROGATORY NO. 21: Excluding those occasions when the subject vehicle was presented for repair to a named defendant in this action, please identify each occasion when you notified any Defendant of any alleged defect in the subject vehicle. Please include the following information:

    a. The date of the notification;

    b. Whether the notification was in writing or made orally; and

    c. A summary of the conversation or writing wherein the notification was given.

ANSWER: Subject to and without waiver of the objections, Plaintiff answers as follows: On November 11, 2018, Calden Ford called Plaintiff and asked if Cutter fixed the scratches. Plaintiff told Mr. Ford that Cutter is ignoring her calls and messages, and the scratches are still there. Plaintiff told Mr. Ford that the car is still making knocking noises and the radio is still defaulting. Mr. Ford told her that he will call Cutter and call her back. Furthermore, on January 4, 2019, Plaintiff did a three way call with Cutter and FCA US. She was told to bring the car back to Cutter for repair.

INTERROGATORY NO. 22: Excluding individuals who may be called to provide expert testimony, for each person who possess knowledge or information about any fact of circumstance relating to any allegation in your Complaint, please provide the following:

    a. The person's name and last known address and telephone number;

    b. Whether the person has been contacted by you or your attorney about any fact or circumstance forming the basis of your Complaint;

    c. The date and location of every contact between the person and either you or your attorney when any fact or circumstance forming the basis of your Complaint was discussed;

    d. A summary of each conversation between the person and you, your agent, or your attorney about any fact of circumstance forming the basis of your Complaint;

    e. A summary of the information and knowledge possessed by the person which supports, refutes or in any way relates to any fact or circumstance forming the basis of your Complaint;

    f. Whether the person is expected to be a witness in this case.

ANSWER: Ui, LB, Jesse, Chloe, Calden Ford, and Plaintiff's husband Cipriano Olivas. MaryAnn initial contact at Chrysler who initiated claim with case # 57241080. Chloe (Chrysler), on December 7, 2019, contacted Cutter during a three way recorded call to obtain service records without success.

INTERROGATORY NO. 23: State whether Plaintiff has ever been refused service, repair, inspection, or diagnosis for any issue or problem which plaintiff alleges was covered by a written limited warranty and if so, provide the date service, repair, inspection or diagnosis was refused, the entity that refused plaintiff, and the reason given for the refusal.

ANSWER: Cutter deceptively asserted it would repair / replace the transmission on August 17, 2018 and refused to paint the vehicle on September 17, 2018. Plaintiff understood repairs were going to be made to her vehicle in the following manner: transmission was to be replaced by FCA US or Cutter. According to Cutter, the transmission was ordered and shipped from the mainland. But when she received her car bar the service invoice stated that they only replaced an axle.

INTERROGATORY NO. 24: Please identify each category of damages Plaintiff seeks to recover as part of its Magnuson-Moss Warranty Act claim, which is the Eighth Claim for Relief in the FAC, and for each category of damages please provide an itemization or breakdown of the amount of damages you have allegedly suffered as a result of Defendants' alleged violations of the Magnuson-Moss Warranty Act.

RESPONSE: Discovery is ongoing. See Complaint. Plaintiff will supplement the response throughout the course of the litigation.

## VERIFICATION

### (Answers to Interrogatories)

STATE OF HAWAII )
) SS.
CITY/COUNTY: Honolulu )

I, Mignonette Olivas, being first duly sworn on oath, depose and say that: I am who answered the foregoing interrogatories; I have read the request for answers to interrogatories and the foregoing answers thereto, and the answers are true to the best of my knowledge, information and belief.

Dated: May 15, 2019

_/s/ Mignonette O._____

## NOTARY CERTIFICATE

This Verification and Answers to Interrogatories, dated May 15, 2019, and consisting of 8 pages, was subscribed and sworn to before me by Mignonette Olivas this 15 day of May, 2019.

_/s/ Lorissa Hendricks_____
Notary Public, State of Hawaii

LORISSA Hendricks
[Type or Print Notary's Name]

Doc.Date 5/15/19 #Pages 8
Lorissa Hendricks First Circuit
Doc.Description Verification
Notary Signature___ Date 5/15/19
NOTARY CERTIFICATION

My Commission expires: 4/22/22

2432437.V1

JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff
Mignonette Olivas

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
## STATE OF HAWAI'I

| | |
|---|---|
| MIGNONETTE OLIVAS<br><br>Plaintiff,<br><br>vs.<br><br>CUTTER CJD, Inc. (d/b/a CUTTER DODGE CHRYSLER JEEP PEARL CITY); FCA US, LLC (d/b/a CHRYSLER CORPORATION and CHRYSLER GROUP LLC), AND DOE<br><br>Defendants. | CIVIL NO. 19-1-0105-01 GWBC<br>(Other Civil Action)<br><br>CERTIFICATE OF SERVICE OF PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT FCA US, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF MIGNONETTE OLIVAS DATED MAY 1, 2019 |

### CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2019, a copy of the foregoing was served by electronic mail and by certified U.S. Mail, postage pre-paid, on the parties listed below:

Attorneys for Defendant FCA US LLC:
Brian Tilker                                  bwt@torkildson.com
Eric Rask                                     ear@torkildson.com
700 Bishop Street, 15th Floor
Honolulu, Hawaii 96813

_____
Justin A. Brackett, Esq.
Attorney for Plaintiff
Mignonette Olivas