# Exhibit E

JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff
Mignonette Olivas

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
## STATE OF HAWAI'I

| | |
|---|---|
| MIGNONETTE OLIVAS<br><br>Plaintiff,<br><br>vs.<br><br>CUTTER CJD, Inc. (d/b/a CUTTER DODGE CHRYSLER JEEP PEARL CITY); FCA US, LLC (d/b/a CHRYSLER CORPORATION and CHRYSLER GROUP LLC), AND DOE<br><br>Defendants. | CIVIL NO. 19-1-0105-01 GWBC<br>(Other Civil Action)<br><br>PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT FCA US, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF MIGNONETTE OLIVAS DATED MAY 1, 2019; CERTIFICATE OF SERVICE |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT FCA US, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF MIGNONETTE OLIVAS DATED MAY 1, 2019**

Plaintiff Mignonette Olivas ("Plaintiff" or "Ms. Olivas"), by and through her attorney, Justin A. Brackett, hereby supplements in part her responses and objections to Defendant FCA US, LLC's First Request For Answers to Interrogatories to Plaintiff Mignonette Olivas Dated May 1, 2019 (hereinafter "Request") as follows:

### GENERAL OBJECTIONS TO DEFENDANT'S
### FIRST REQUEST FOR ANSWERS TO INTERROGATORIES

1. Plaintiff objects to any Request to the extent that it seeks or may be deemed to seek answers

    or information protected by the attorney-client privilege, the work-product doctrine, or any

**EXHIBIT "E"**

applicable privilege provided by statute, rules, or common law. Any disclosure of such information is inadvertent and is not intended to waive such privileges or protections.

2. Plaintiff objects to any Request to the extent that it seeks to unilaterally expand the scope of discovery allowed by the HRCP through the instructions and definitions preceding the interrogatories or by any other means.

3. Plaintiff has not completed discovery or trial preparation in this matter. Further, Plaintiff has not completed its review and analyses of the documents in its possession, custody, or control that have been gathered thus far in the course of discovery. Accordingly, these responses were made without prejudice to Plaintiff's right to present additional or modified answers at trial based upon information obtained or evaluated hereafter.

4. Plaintiff objects to any Request to the extent that it contains words or phrases susceptible to various and conflicting interpretations and, consequentially, calls for speculation on the part of Plaintiff. Plaintiff will respond to any ambiguous request based upon its reasonable interpretation of such interrogatory.

5. Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

    a. All objections as to competency, relevancy, materiality, and admissibility of the responses or the subject matter thereof;
    b. All objections as to vagueness, ambiguity, or undue burden;
    c. All rights to object on any grounds to the use of the responses, or the subject matter thereof, at trial of this or any other action; and
    d. All rights to object on any grounds to any request for further responses to these or to other requests involving or relating to the subject matter of these interrogatories.

6. Plaintiff objects to each Request to the extent that it requests information that is not relevant to the subject matter involved in the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to each Request insofar as it requests information so broad, uncertain, and unintelligible that Defendants cannot determine the nature of the information sought and, therefore, is unable to respond.

8. Plaintiff objects to the definitions in the Requests and will not be bound by those definitions in the following responses. Plaintiff assumes that words utilized by Plaintiff in the Requests are utilized under a common, ordinary, (i.e., dictionary) meaning.

9. Plaintiff objects to each Request to the extent that it requires the dissemination of the confidential information.

10. Plaintiff objects to each Request to the extent that it seeks to impose a burden on it in excess of the requirements of the HRCP.

11. Plaintiff reserves the right to amend or supplement these responses to the Request in accordance with the HRCP.

12. The applicable foregoing general and specific objections are hereby incorporated into each of Plaintiff's specific answers that follow with the same force and effect as if fully set forth herein.

DATED: Honolulu, Hawai`i, July 9th, 2019.

Justin A. Brackett
Attorney for Plaintiff

3

## INTERROGATORIES
### Supplemental Responses

**INTERROGATORY NO. 15**: Identify specifically, and not by incorporating by reference repair orders or other documents not prepared by yourself, the manner in which each non-conformity which you allege substantially impairs the use value or safety of the vehicle.

Original Response:

In addition to Plaintiff's general objections, Plaintiff objects to this request on the grounds that it is an incoherent sentence that does not appear to request any information from Plaintiff.

Supplemental Response:

In addition to Plaintiff's general objections, Plaintiff objects to this request on the grounds that it unduly burdensome as it requires Plaintiff to recall all the instances that she felt unsafe in the vehicle. Subject to, and without waiving such objections, Plaintiff states that on numerous occasions, when she's driving the vehicle, there would be "clunk noise" which is not normal for a brand new vehicle. The radio would also turn on by itself even with the car off.

**INTERROGATORY NO. 22**: Excluding individuals who may be called to provide expert testimony, for each person who possess knowledge or information about any fact of circumstance relating to any allegation in your Complaint, please provide the following:

    a. The person's name and last known address and telephone number;

    b. Whether the person has been contacted by you or your attorney about any fact or circumstance forming the basis of your Complaint;

4

c. The date and location of every contact between the person and either you or your attorney when any fact or circumstance forming the basis of your Complaint was discussed;

d. A summary of each conversation between the person and you, your agent, or your attorney about any fact of circumstance forming the basis of your Complaint;

e. A summary of the information and knowledge possessed by the person which supports, refutes or in any way relates to any fact or circumstance forming the basis of your Complaint;

f. Whether the person is expected to be a witness in this case.

Original Response:

Ui, Larry Davis (LD), Jesse, Chloe, Calden Ford, and Plaintiff's husband Cipriano Olivas. MaryAnn initial contact at Chrysler who initiated claim with case # 57241080. Chloe (Chrysler), on December 7, 2019, contacted Cutter during a three-way recorded call to obtain service records without success.

Supplemental Response:

In addition to Plaintiff's general objections, Plaintiff objects to this request on the grounds that it is unduly burdensome as it requires Plaintiff to recall all the instances she spoke to them. Subsection "e" is unduly burdensome and requests information that is more accessible to FCA US than to Plaintiff. Plaintiff does not know at this time if the following person(s) will be a witness in this case. Plaintiff reserves her rights to supplement this response when necessary.

Subject to, and without waiving such objections, Plaintiff states:

1) Shanna Hermann aka Ui
   c/o Cutter CJD. Inc
   Cox Fricke LLP
   800 Bethel Street, Suite 600
   Honolulu, HI 96813

2) LD Davis
   c/o Cutter CJD. Inc
   Cox Fricke LLP
   800 Bethel Street, Suite 600
   Honolulu, HI 96813

3) Jesse Morgan
   c/o Cutter CJD. Inc
   Cox Fricke LLP
   800 Bethel Street, Suite 600
   Honolulu, HI 96813

4) Calden Ford
   555 Airport Freeway, Suite 100
   North Richland Hills, Texas 76180

5) Cipriano Olivas
   3298 Nakae Avenue
   Wahiawa, HI 96786

6) MaryAnn
   Plaintiff does not know MaryAnn's last name. Plaintiff believes MaryAnn works for FCA US and/or Cutter CJD. MaryAnn initiated the lemon law claim, case # 57241080.

7) Chloe
   Plaintiff believes Chloe works for FCA US and/or Cutter CJD. Plaintiff spoke to Chloe on December 7, 2019. FCA US claimed that Chloe does not work for FCA US and may be an employee of Stericyle. Plaintiff does not have Chloe's contact information as it has not been verified whether or not Chloe works for Stericyle. Discovery is ongoing.

Plaintiff has voicemails left by Jesse Morgan on January 18, 2019, January 21, 2019, January 22, 2019, January 25, 2019, January 28, 2019, January 28, 2019, and February 2, 2019; Shanna

Herrmann aka Ui on September 13, 2018, September 20, 2018, and January 18, 2019; Calden Ford on November 1, 2018, January 11, 2019, January 15, 2019, and January 18, 2019. Plaintiff is in the process of transferring the documents in a flash drive. Please inform Plaintiff's counsel if FCA US prefers receiving these voicemail recordings via electronic mail instead. All other conversations between Plaintiff and the above-stated person(s) occurred via phone call or in-person, which is unduly burdensome to Plaintiff to recall each conversation.

**INTERROGATORY NO. 24:** Please identify each category of damages Plaintiff seeks to recover as part of its Magnuson-Moss Warranty Act claim, which is the Eighth Claim for Relief in the FAC, and for each category of damages please provide an itemization or breakdown of the amount of damages you have allegedly suffered as a result of Defendants' alleged violations of the Magnuson-Moss Warranty Act.

Original Response:

Discovery is ongoing. See Complaint. Plaintiff will supplement the response throughout the course of the litigation.

Supplemental Response:

The car is defective and Defendants have not complied with their written warranties.

7

JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff
Mignonette Olivas

### IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
### STATE OF HAWAI'I

| | |
|---|---|
| MIGNONETTE OLIVAS<br><br>Plaintiff,<br><br>vs.<br><br>CUTTER CJD, Inc. (d/b/a CUTTER DODGE CHRYSLER JEEP PEARL CITY); FCA US, LLC (d/b/a CHRYSLER CORPORATION and CHRYSLER GROUP LLC), AND DOE<br><br>Defendants. | CIVIL NO. 19-1-0105-01 GWBC<br>(Other Civil Action)<br><br>CERTIFICATE OF SERVICE OF PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT FCA US, LLC'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF MIGNONETTE OLIVAS DATED MAY 1, 2019; |

### CERTIFICATE OF SERVICE

I hereby certify that on July 9th, 2019, a copy of the foregoing was served by electronic mail and by certified U.S. Mail, postage pre-paid, on the parties listed below:

Attorneys for Defendant FCA US LLC:
Brian Tilker                                bwt@torkildson.com
Eric Rask                                   ear@torkildson.com
700 Bishop Street, 15th Floor
Honolulu, Hawaii 96813

Justin A. Brackett, Esq.
Attorney for Plaintiff
Mignonette Olivas