IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIGNONETTE OLIVAS,<br><br>     Plaintiff,<br><br> vs.<br><br>CUTTER CJD, FCA US LLC, DOE DEFENDANTS 1-10,<br><br>     Defendants. | CIV. NO. 19-00454 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF MIGNONETTE OLIVAS' MOTION TO REMAND |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFF MIGNONETTE OLIVAS' MOTION TO REMAND

Before the Court is Plaintiff Mignonette Olivas' ("Plaintiff") Motion to Remand to Hawaii State Court ("Motion to Remand"), filed on October 7, 2019.  ECF No. 9.  On October 31, 2019, Defendant FCA US LLC ("FCA") filed its Memorandum in Opposition to Plaintiff's Motion to Remand ("Opposition").  ECF No. 11.  Defendant Cutter CJD, Inc. ("Cutter") filed a Statement of No Position Regarding Plaintiff's Motion to Remand.  ECF No. 12.  Plaintiff did not file a reply.

The Motion to Remand came on for hearing on November 21, 2019, before the Honorable Rom A. Trader, United States Magistrate Judge.  Justin A. Brackett appeared on behalf of Plaintiff; Erik A. Rask of Torkildson Katz Hetherington Harris & Knorek appeared on behalf of FCA; and Abigail M. Holden of Cox Fricke LLP appeared on behalf of Cutter.  After consideration of the briefs and arguments presented, exhibits,

records and files, and applicable law, the Court FINDS and RECOMMENDS that the district court GRANT the Motion to Remand.

The Court FINDS that FCA's Notice of Removal of State Court Action to Federal Court ("Notice of Removal"), filed on August 22, 2019, was untimely.  ECF No. 1.  The Court FINDS that FCA could ascertain from the face of the Amended Complaint and from Ninth Circuit precedent that Plaintiff's damages included future attorneys' fees. Plaintiff's total damages, including attorneys' fees, exceed the $50,000.00 jurisdictional threshold for federal question jurisdiction under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. ("MMWA").  ECF No. 11 at § III.B.2.  As such, FCA could have removed within the 30-day time period under 28 U.S.C. § 1446(b)(1) and thus, the Notice of Removal is untimely.

## BACKGROUND

On January 18, 2019, Plaintiff filed a Complaint against FCA and Cutter in the Circuit Court of the First Circuit, State of Hawaii, and filed an Amended Complaint on February 19, 2019.  ECF. Nos. 6-3 & 6-7.  The Complaint and the Amended Complaint are identical, except that the original Complaint filed on January 18, 2019 was not signed by Plaintiff's counsel.  Id.

In both the Complaint and the Amended Complaint, Plaintiff alleges that the vehicle she purchased from Cutter – a 2018 Dodge Challenger manufactured by FCA ("Vehicle") – developed one or more defect(s) during the applicable warranty period.  Id. Plaintiff therefore claims to be entitled to, *inter alia*, a refund of the Vehicle purchase

price or replacement cost.  Id.  The Amended Complaint asserts ten counts, nine of which are state law claims.  ECF No. 6-7.

Count Eight of Plaintiff's Amended Complaint asserts a federal cause of action under MMWA.  Id. at p. 13.  In support of the MMWA claim, Plaintiff alleges in the Amended Complaint that "Plaintiff has suffered the damages enumerated above."  Id.  In the Prayer section of the Amended Complaint, Plaintiff prays with respect to the MMWA claim for a judgment "in the amount of $40,448.76 together with additional damages to be determined."  Id. at pp. 16-17.  Plaintiff also prays:

> AS TO ALL CLAIMS FOR RELIEF:
>
> N.    That the Court award Plaintiff her reasonable attorney fees and costs.
>
> O.    That the Court award Plaintiff such other relief as the Court may deem just and proper.

Id. at p. 17.  FCA filed its Answer to the Complaint on February 25, 2019 (ECF No. 6-10), and filed its Answer to the Amended Complaint on March 8, 2019 (ECF No. 6-12).

FCA issued written interrogatories to Plaintiff, dated May 1, 2019, in which FCA requested information on the damages Plaintiff sought to recover as part of Plaintiff's MMWA claim.  ECF No. 1-4.  On May 29, 2019, Plaintiff responded that "[d]iscovery was ongoing" and that "Plaintiff would supplement her response throughout the course of the litigation."  ECF No. 1-5 at p. 15.  On July 9, 2019, Plaintiff responded with a supplemental response by stating that "[t]he car is defective and Defendants have not complied with their written warranties."  ECF No. 1-6 at p. 8.  FCA took Plaintiff's

deposition on August 5, 2019 and received the transcript on August 22, 2019.  ECF No.

11 at p. 12.

On August 22, 2019, after receiving the transcript of Plaintiff's deposition

testimony, FCA filed its Notice of Removal.  ECF No. 1.  The Notice of Removal asserts

that removal was timely because FCA did not learn of the scope of Plaintiff's claimed

MMWA damages until Plaintiff's August 5, 2019 deposition, or August 22, 2019, when

FCA received the deposition transcript.  Id. at p. 7.  The Notice of Removal further

asserts that, when the additional damages listed in paragraph 59 of the Amended

Complaint were considered in conjunction with Plaintiff's deposition testimony, and

when a potential award of attorneys' fees is added, the $50,000.00 amount in controversy

requirement for federal question jurisdiction under the MMWA is met.  See id. at p. 6.

Thereafter, Plaintiff sought to remand this action to state court.

## DISCUSSION

FCA removed this case pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, alleging

that this Court has original jurisdiction over Plaintiff's MMWA claims.  ECF No. 1 at p.

2.  Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to
> the district court of the United States for the district and division embracing
> the place where such action is pending.

28 U.S.C. § 1441(a).  "Removal and subject matter jurisdiction statutes are strictly

construed" against removal.  Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d

1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Serving LP, 533

F.3d 1031, 1034 (9th Cir. 2008)) (internal quotations omitted). There is a "strong presumption against removal jurisdiction . . . and [ ] the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) (internal quotations omitted). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. Id.

Federal courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises" under federal law within the meaning of section 1331 if federal law either "creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Under the MMWA, a consumer claiming damage by a warrantor's failure to comply with a warranty may have a cause of action that arises under federal law. The consumer who is damaged by the failure of the warrantor "may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States" provided that the amount in controversy is equal to or exceeds "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B).

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 83

(2014) (quoting 28 U.S.C. § 1446(a)).  The notice of removal must be timely.  Under 28

U.S.C. § 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30
> days after the receipt by the defendant, through service or otherwise, of a
> copy of the initial pleading setting forth the claim for relief upon which such
> action or proceeding is based, or within 30 days after the service of summons
> upon the defendant if such initial pleading has then been filed in court and is
> not required to be served on the defendant, whichever period is shorter.

Id.  The 30-day time period for removal pursuant to § 1446(b)(1) starts to run from a

defendant's receipt of the initial pleading "only when that pleading affirmatively reveals

on its face the facts necessary for federal court jurisdiction."  Rea v. Michaels Stores Inc.,

742 F.3d 1234, 1238 (9th Cir. 2014).  However, under section 1446:

> [I]f the case stated by the initial pleading is not removable, a notice of
> removal may be filed within 30 days after receipt by the defendant, through
> service or otherwise, of a copy of an amended pleading, motion, order or
> other paper from which it may first be ascertained that the case is one which
> is or has become removable.

28 U.S.C. § 1446(b)(3).  In evaluating the timeliness of the removal, the courts are not

required to "inquire into the subjective knowledge of the defendant, an inquiry that could

degenerate into a mini-trial regarding who knew what and when."  Harris v. Bankers Life

and Cas. Co., 425 F.3d 689, 696 (9th Cir. 2005) (citing Lovern v. General Motors Corp.,

121 F.3d 160, 162 (4th Cir. 1997)).  The Court may "rely on the face of the initial

pleading and on the documents exchanged in the case by the parties to determine when

the defendant had notice of the grounds for removal, requiring that those grounds be

apparent within the four corners of the initial pleading or subsequent paper."  Id.

A notice of removal need not contain evidentiary submissions supporting a

defendant's amount in controversy allegation.  Owens, 574 U.S. at 84 ("A statement

'short and plain' need not contain evidentiary submissions."). If a plaintiff challenges removal, the removing defendant then must show, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Owens, 574 U.S. at 88. "This burden is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." Assaye v. United Airlines, Inc., Civ. No. 17-00495 DKW-KSC, 2017 WL 5560422, at *3 (D. Haw. Oct. 30, 2017) (citation and internal quotation marks omitted).

In this case, Plaintiff alleges that the removal was untimely and that her MMWA claim does not meet the jurisdictional threshold. ECF No. 9 at p. 1. Plaintiff alleges that her Complaint and Amended Complaint sought noneconomic damages and such information was plainly available on the face of her pleadings. Plaintiff alleges that the FCA did not find out any new information through discovery that would add substantially to Plaintiff's damages claim. Thus, Plaintiff contends that FCA's Notice of Removal is untimely.

In addition, Plaintiff argues that even if the Court considers FCA's Notice of Removal to be timely, FCA failed to meet its burden because it failed to identify the amount in controversy. Plaintiff also argues that even if the damages were calculated, they do not meet the required $50,000 threshold. Plaintiff argues that, *inter alia*, attorneys' fees are not included in the calculation for purposes of reaching the MMWA threshold.

FCA argues that its removal was timely because FCA did not learn the extent of the damages Plaintiff sought for her MMWA claim until Plaintiff's August 5, 2019

deposition.  FCA argues that the damages sought in Plaintiff's Eighth Claim, the MMWA

claim, in the Amended Complaint is not clear.  The Amended Complaint states that

"Plaintiff has suffered the damages enumerated above."  ECF No. 6-7 at p. 13.  However,

FCA argues that the Amended Complaint does not make clear what "damages

enumerated above" referenced.  FCA states that it only discovered during Plaintiff's

deposition that Plaintiff sought the damages referenced in paragraph 59:

> [T]he inconvenience of obtaining alternative transportation, anxiety,
> embarrassment, anger, fear, frustration, disappointment, worry, aggravation,
> and she will continue to suffer future damages together with costs and fees
> to obtain relief from Defendants' wrongful conduct.

ECF No. 11 at p. 9 (citing ECF No. 6-7 at p. 12, ¶ 59).  FCA argues that the inclusion of

these damages referenced in paragraph 59 would meet the $50,000 threshold.  FCA

provided a detailed estimate of Plaintiff's attorneys' fees.  FCA argues that based on

Ninth Circuit authority, <u>Fritsch</u>, future attorneys' fees should be included in calculating

the amount in controversy used to determine whether the MMWA jurisdictional threshold

is met.  <u>Fritsch v. Swift Transportation Company of Arizona, LLC</u>, 899 F.3d 785, 795

(9th Cir. 2018).  FCA also alleges that this Court has supplemental jurisdiction under 28

U.S.C. § 1367 of Plaintiffs' remaining claims brought under state law.  ECF No. 1 at p. 7.

    For this Court to have jurisdiction, the amount in controversy of Plaintiff's

MMWA claim must exceed $50,000.  15 U.S.C. § 2310(d)(3)(B).  Plaintiff's Amended

Complaint seeks $40,448.76 in damages.  ECF No. 6-7 at p. 15.  The parties dispute

whether attorneys' fees are included in the amount in controversy calculation.  The Court

agrees with FCA that in the Ninth Circuit, future attorneys' fees should be included in the

threshold calculation for MMWA claims.  In <u>Fritsch</u>, the Ninth Circuit held that:

We conclude, in light of <u>Chavez</u> and our precedents, that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met . . . when we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds.  Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future [attorneys' fees] are at stake in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount of controversy.

<u>Fritsch</u>, 899 F.3d at 794 (citations, internal citations, and quotations omitted).  The Court explained:

In [<u>Gardynski-Leschuck</u>], the Seventh Circuit analyzed the jurisdictional provision in the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d), which gives federal courts jurisdiction over claims where the amount in controversy equals or exceeds a specified amount.  <u>Gardynski-Leschuck v. Ford Motor Co.</u>, 142 F.3d 955, 956 (7th Cir. 1998).  <u>Gardynski-Leschuck</u> held that the amount in controversy cannot include attorneys' fees that have not yet been incurred because "[u]nlike future income lost to injury, legal fees are avoidable" if the defendant promptly settles the case.  <u>Id.</u> at 958.  For this reason, <u>Gardynski-Leschuck</u> stated, "legal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount 'in controversy' when the suit is filed."  <u>Id.</u> [(citations omitted)].

Our precedent requires us to part ways with the Seventh Circuit. We have held that attorneys' fees awarded under fee-shifting statutes or contracts are part of the amount in controversy, [citing <u>Gonzales v. CarMax Auto Superstores, LLC</u>, 840 F.3d 644, 648 (9th Cir. 2016)], and that the amount in controversy includes <u>all</u> relief to which the plaintiff is entitled if the action succeeds, [citing <u>Chavez v. JPMorgan Chase & Co.</u>, 888 F.3d 413, 418 (9th Cir. 2018)]. We may not depart from this reasoning to hold that one category of relief—future attorneys' fees—are excluded from the amount in controversy as a matter of law.

<u>Id.</u> at 795 (bracketed material altered from original).  Accordingly, Ninth Circuit precedent establishes that attorneys' fees are included in the calculation of the amount in controversy for MMWA cases.  When added, the damages exceed the threshold amount.  Further, as quoted earlier, the Amended Complaint states that Plaintiff sought "her

reasonable attorney fees and costs" "as to all claims for relief[.]"  ECF No. 6-7 at p. 17.

In its Opposition, FCA also references this same quote and acknowledges that Plaintiff

sought her attorneys' fees and costs in the Amended Complaint.  In its Opposition, FCA

quotes: "In her prayer for relief, Plaintiff seeks as to all claims, including the MMWA

claim, an award of reasonable fees."  ECF No. 11, p. 24 (citing ECF No. 6-7 at p. 17)

(emphasis added).  It appears that FCA, based on its own argument, admits that on the

face of the Amended Complaint, Plaintiff sought its attorneys' fees as damages.  FCA

should have been able to determine from Plaintiff's pleading that the case was removable.

Thus, the Court FINDS FCA's argument – that it first discovered this case was

removable when through discovery, it was revealed that Plaintiff sought MMWA

damages as stated in paragraph 59 of the Amended Complaint – unpersuasive.  Based on

Fritsch, the Amended Complaint, and FCA's Opposition, the Court FINDS that

Plaintiff's attorneys' fees are included when determining whether the amount in

controversy requirement is met for this case.

        In its Opposition, FCA estimated Plaintiff's future attorneys' fees in detail.  The

Court adopts the arguments and authorities relied upon by FCA to make its calculations.

ECF No. 11 at pp. 24-27.  FCA estimated that Plaintiff would incur $44,755.20 in

attorneys' fees.  ECF No. 11 at p. 27.  The Court FINDS that even if FCA's proposed

attorneys' fees were reduced to $10,000.00, the addition of Plaintiff's attorneys' fees to

the requested $40,448.76 in damages is enough to exceed the required threshold.

## CONCLUSION

After carefully considering the Motion to Remand, FCA's Opposition, applicable law, and arguments presented at the November 21, 2019 hearing, the Court finds that FCA's Notice of Removal was untimely.  FCA could have determined from the face of the Amended Complaint and Ninth Circuit case law that the amount of damages should include Plaintiff's future attorneys' fees.  The inclusion of attorneys' fees in the controversy in amount calculation places Plaintiff's damages above the MMWA threshold required for this Court's jurisdiction.  Accordingly, the Court FINDS and RECOMMENDS that Plaintiff's Motion to Remand should be GRANTED and that this action be remanded to the Circuit Court of the First Circuit, State of Hawaii.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 16, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 19-00454 DKW-RT; *Mignonette Olivas, vs. Cutter CJD, FCA US LLC, Doe Defendants 1-10*;
Findings and Recommendation to Grant Plaintiff Mignonette Olivas' Motion to Remand