IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIGNONETTE OLIVAS,<br><br>            Plaintiff,<br><br>    vs.<br><br>CUTTER CJD, FCA US LLC,  DOE DEFENDANTS 1-10,<br><br>            Defendants. | CIV. NO. 19-00454 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT FCA US LLC FKA CHRYSLER GROUP LLC'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT
FCA US LLC FKA CHRYSLER GROUP LLC'S PETITION FOR
DETERMINATION OF GOOD FAITH SETTLEMENT

Before the Court is Defendant FCA US LLC FKA Chrysler Group LLC's ("FCA US") Petition for Determination of Good Faith Settlement ("Petition"), filed on June 10, 2020.  ECF No. 31.  The Court elects to decide the Petition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

The Court, having carefully reviewed the written submissions, record in this case, and applicable law, FINDS that the partial settlement agreement entered into on  May 14, 2020 ("Partial Settlement Agreement") was made in good faith for the purposes of Haw. Rev. Stat. § 663-15.5 and RECOMMENDS that the Petition be GRANTED.

BACKGROUND

On April 24, 2020, counsel for the parties confirmed that Plaintiff and FCA US consented to a Partial Settlement Agreement, in which the material and essential terms were established.  ECF No. 28.   Based on the parties' representation, the Court vacated further deadlines and court dates as to Plaintiff and FCA US only.  Id.

Plaintiff and FCA US executed a "Settlement and Release Agreement" on May 14, 2020, which memorialized their Partial Settlement Agreement.  ECF No. 31-3.  The Partial Settlement Agreement releases Plaintiff's claims against FCA US only.  Id.  Plaintiff's claims against Defendant Cutter CJD are unaffected by the Partial Settlement Agreement.  Section 5 of the Partial Settlement Agreement requires that FCA US shall prepare and file, within ten (10) business days of the execution of the Partial Settlement Agreement, a petition for the determination that the agreement was entered into in good faith pursuant to Section 663-15.5 of the Hawaii Revised Statutes.  Id.  Plaintiff agreed to join in the petition.  The Partial Settlement Agreement is expressly conditioned upon the approval of the Court of the petition for good faith settlement or a stipulation to that effect from Defendant Cutter CJD ("Cutter").  Id.

Plaintiff, FCA US, and Cutter were not able to reach an agreement as to the language for the stipulation to dismiss.  On May 27, 2020, the parties entered into a Stipulation to Extend Deadline to File Stipulation for Dismissal with Prejudice of All Claims Against FCA USA.  ECF No. 30.  The deadline for the stipulation to dismiss Plaintiff's claims against FCA US was extended from May 26, 2020 to July 24, 2020.  Id.

On June 10, 2020, FCA US filed its Petition requesting the Court determine without a hearing that the settlement reached between Plaintiff and FCA US was in good faith pursuant to Haw. Rev. Stat. § 663-15.5.  ECF No. 31.

On June 17, 2020, Plaintiff filed a Response in Support of FCA US's Petition and joined FCA US in seeking a determination from the Court that the settlement was entered into in good faith.  ECF No. 32.  On that same day, Cutter filed a Statement of Position (ECF No. 33) and stated that it does not oppose FCA US's Petition, but requests that the Court's Order state that the total amount of consideration paid by FCA US to Plaintiff pursuant to the Partial Settlement Agreement will reduce Plaintiff's claims against Cutter by that same amount.

Plaintiff filed a Request for Leave of Court to File [a] Supplemental Statement in Support of the Petition ("Request to Supplement") on June 22, 2020.  ECF No. 35. Plaintiff argues that not all of Plaintiff's ten claims were in tort or against co-obligors, and at least one of these claims, Plaintiff's Haw. Rev. Stats. § 480-2 (UDAP) claim, is not in tort or related to co-obligors and seeks statutory damages.  According to Plaintiff, the statutory reduction in Haw. Rev. Stat. § 663-15.5 thus may not apply to these types of claims.  Plaintiff requests that the Court make its determination of good faith without including Cutter's proposed language.

On June 23, 2020, in response to Plaintiff's Request to Supplement, Cutter's counsel wrote a letter to the court stating that Plaintiff's Request for Leave is in violation of the parties' stipulation and the Court's Order.  ECF No. 36.

On July 7, 2020, the Court issued an entering order denying Plaintiff's Request to Supplement, which rendered Cutter's counsel's June 23, 2020 letter moot.

## DISCUSSION

A.  Determination of Good Faith

Hawaii courts consider the "totality of circumstances" when determining whether a settlement is in good faith under Haw. Rev. Stat. § 663-15.5. Troyer v. Adams, 102 Haw. 399, 425-26 (2003). "[T]he determination of good faith is left to the discretion of the trial court . . . and shall not disturbed in the absence of an abuse of discretion." Troyer, 102 Haw. at 422-23. The Court considers the following factors in reaching a good faith settlement determination:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427. This list is not exclusive. Id. "[T]he Court may consider any other factor that is relevant to whether a settlement has been given in good faith." Id. The Hawaii legislature, in adopting Haw. Rev. Stat. § 663-15.5, was "more interested in encouraging settlements than ensuring the equitable apportionment of liability." Id. at 426. The legislature intended to "simplify[ ] the procedures and reduc[e] the costs associated with claims involving joint tortfeasors . . ." Id. (citation omitted). The party opposing the

good faith settlement determination bears the burden of proving that the settlement was not in good faith.  Haw. Rev. Stat. § 663-15.5(b).

In this case, all parties have agreed to the finding of a good faith settlement and none oppose such a determination.  This Court brokered the negotiations between the parties that resulted in the Partial Settlement Agreement.  As FCA US states in its Petition, this is a simple lemon law action.  The parties are well aware of the cost of the vehicle at issue and the realistic approximation of the total damages.  The parties also assessed their respective litigation costs and risks when they decided to enter into the Partial Settlement Agreement.  No party has alleged collusion, wrongful conduct, or wrongful purpose nor is there any evidence supporting such a finding.  Based on the totality of circumstances and the lack of opposition to the Petition, the finding of good faith is appropriate here.  The Court has reviewed the nine factors set forth in Troyer and the terms of the settlement, and finds that the material terms of the settlement meet the purpose of Haw. Rev. Stat. § 663-15.5 and that the settlement was entered into in good faith.

B.  <u>Good Faith Settlement Under Haw. Rev. Stat. § 663-15.5</u>

A settlement agreement entered into in good faith under Haw. Rev. Stat. § 663-15.5(b):

> to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:
>
> (1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;
> (2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or

    covenant, or in the amount of the consideration paid for it, whichever is greater; and

 (3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.

Haw. Rev. Stat. § 663-15.5(a)(1)-(3). The determination of good faith under Haw. Rev. Stat. § 663-15.5 shall "[b]ar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor . . . " Haw. Rev. Stat. § 663-15.5(d)(1).

  Cutter is not a party to the Partial Settlement Agreement, but Plaintiff alleges that Cutter is a joint tortfeasor in this case. ECF No. 1-2. The Partial Settlement Agreement does not contain terms that release Cutter from liability and thus, Haw. Rev. Stat. § 663-15.5(b)(1) applies. Further, to the extent it is determined that Cutter is a joint tortfeasor or co-obligor, Haw. Rev. Stat. § 663-15.5(a)(2) may also apply. However, the Court need not reach this issue to determine that the Partial Settlement Agreement was made in good faith.

## CONCLUSION

  After careful consideration of Defendant FCA US LLC FKA Chrysler Group LLC's ("FCA US") Petition for Determination of Good Faith Settlement (ECF No. 31), filed June 10, 2020, and the totality of circumstances, the Court FINDS and RECOMMENDS that a determination of good faith settlement be made. Accordingly, the Court RECOMMENDS that Defendant's Motion be GRANTED.

//

//

//

6

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 8, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 19-00454 DKW-RT; *Olivas v. Cutter CJD, et al.*; Findings and Recommendation to Grant Defendant FCA US LLC FKA Chrysler Group LLC's Petition for Determination of Good Faith Settlement